FILED
MISSOULA, MT

2007 NOV 30  AM 9 17

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| BRIAN NAUMAN, | ) | Cause No. CV 07-144-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER and |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

On November 26, 2007, Petitioner Brian Nauman moved to proceed in forma pauperis with his third petition for writ of habeas corpus under 28 U.S.C. § 2254. He also moved for the appointment of counsel. Nauman is a state prisoner proceeding pro se.

**I. Previous Habeas Petitions**

Nauman previously filed two habeas petitions in this Court. See Nauman v. State of Montana, No. CV 05-43-M-DWM-JCL (D. Mont. filed Mar. 29, 2005); Nauman v. State of Montana, No. CV 07-05-M-DWM-JCL (D. Mont. filed Jan. 11, 2007). The cases were consolidated. Some claims were denied on the merits, and some were dismissed as time-barred. A certificate of appealability was denied. Judgment was entered on August 31, 2007. On November 7, 2007,

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

Nauman was given an extension of time to file a notice of appeal.  At his request, the motion for an extension was also treated as a notice of appeal.  Consequently, those two cases are currently before the United States Court of Appeals for the Ninth Circuit.

## II. Motion to Proceed In Forma Pauperis

After reviewing Nauman's account statement, I find that he has sufficiently shown that he cannot afford to pay all costs that may be associated with this action.  The motion to proceed in forma pauperis will be granted.

## III. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."  Id.

## IV. Nauman's Allegations

Nauman's allegations are sparse.  He explains that "petitioner feels that it would be most prudent to await appointment of counsel to present the ('due-process,' et al.) issues, grounds, and arguments of this petition since the, non-legally-literate, petitioner has failed in the past to properly present and articulate clear record supported claims that would have, with the assistance of counsel, been utterly incontrovertible."  Pet. (doc. 1) at 2 (emphases in original).

Nauman further explains:

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

> The petitioner will also be requesting "counsel" to also file a sister "civil" action for "damages" pertaining to the State's violation of Fed. R. App. P. 23(a) and the harm/abuses/suffering caused as a result. The petition for "habeas corpus" requested here pertains to the "deprivations of liberties" caused by the State's non-compliance with this law with the obvious intent to put the petitioner at a disadvantage (as well as retaliation) pertaining to another case/petition before this Court (re.: CV-05-43 / CV-07-05).

Id. at 3.

In sum, the instant petition appears to be an attempt to obtain habeas relief as a result of Nauman's transfer from one institution to another in alleged violation of Fed. R. App. P. 23(a).[1] Given his statement anticipating counsel's appearance, however, it seems that he might also intend to make some claims relating to the same conviction(s) or sentence(s) he challenged in his first two petitions.

## V. Analysis

### A. Claims Relating to Fed. R. App. P. 23(a)

There was no violation of Fed. R. App. P. 23(a). The Rule provides, in pertinent part:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule.

Nauman's two previous actions were habeas corpus proceedings commenced before a court of the United States – this Court. A notice of appeal was filed on November 7, 2007. Not until those cases were appealed was "review" of a decision in a habeas corpus proceeding "pending." At that

---

[1] Because the Court does not know the precise date on which Nauman was transferred from one Montana correctional facility to another, it is not clear whether he could have brought this claim in either of his first two petitions. If he could have, the instant petition would be dismissed as an unauthorized second or successive petition. See 28 U.S.C. § 2244(b); Hill v. Alaska, 297 F.3d 895, 897-99 (9th Cir. 2002). However, there is no need to decide the question. It is more efficient to address the merits, because he plainly cannot prevail.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

time, Nauman was incarcerated at Montana State Prison.  <u>See</u> Notice of Electronic Filing (doc. 43) (showing service on Nauman at Montana State Prison).  He is today incarcerated at Montana State Prison.  <u>See</u> Pet. at 3 (showing mailing address at Montana State Prison).  Therefore, there was no transfer in violation of the Rule.

Moreover, the purpose of the Rule is to prevent a district court from losing jurisdiction over the custodian of the petitioner while a case is pending on appeal, <u>see</u> <u>Goodman v. Keohane</u>, 663 F.2d 1044, 1047 (11th Cir. 1981), and to provide for the orderly transfer of appellate jurisdiction when a prisoner transfer is approved, <u>see</u> <u>Shabazz v. Carroll</u>, 814 F.2d 1321, 1324 (9th Cir. 1987) (citing <u>United States ex rel. McInery v. Shelly</u>, 702 F.2d 101, 102 (7th Cir. 1982)), <u>vacated in part on other grounds</u>, 833 F.2d 149 (9th Cir. 1987).  The remedy for violation of the Rule is neither habeas relief for the petitioner nor transfer back to the original jurisdiction but the retention of jurisdiction in the original appellate court.  <u>See</u> <u>Shabazz</u>, 814 F.2d at 1324.  At any rate, Nauman could be moved anywhere in Montana, and this Court would still have jurisdiction over his custodian.

Because the Rule, by its terms, does not apply, and because a transfer in violation of the Rule could not prejudice Nauman in any case, the only claim that is actually made in the petition conclusively lacks merit.  It should be denied.

### B. Other Claims

To the extent Nauman intends to make claims relating to the same conviction(s) or sentence(s) he challenged in his first two petitions, he must obtain authorization from the Ninth Circuit Court of Appeals to file a second or successive petition *before* he may file in this Court.  <u>See</u> 28 U.S.C. § 2244(b)(3)(A).  Thus, there would be no point in permitting him to amend the instant

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

petition to add such claims, because they would have to be dismissed anyway.

To whatever extent Nauman might have other claims in mind, he may simply file a habeas petition – preferably on the Court's standard form, which is available on request from the Clerk of Court – setting forth those claims. He will not be appointed counsel unless and until he can show that he might have a valid claim and that he is unable to proceed pro se. See, e.g., Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Terrovona v. Kincheloe, 852 F.2d 424, 429 (9th Cir. 1988); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986). To show that he might have a valid claim, he must set forth a claim. Furthermore, there is no reason to permit Nauman to amend the instant petition, rather than filing a new one, because any new claims would not relate back to the filing date of the instant petition. See Mayle v. Felix, 545 U.S. 644, 655-57 (2005). Rather, they will be deemed made only when Nauman actually makes them.

For these reasons, there is no need to permit Nauman an opportunity to amend the instant petition. The case should be closed.

## VI. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner ... "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Id.

**B. Discussion**

Nauman cannot obtain habeas relief based on a violation of Fed. R. App. P. 23(a) because the Rule plainly does not apply to his situation and because the remedy for violation of the Rule is not habeas relief in any case. Any other claims he might have in mind will either be barred as second or successive or may be made in a new petition. There is no reason to encourage him to proceed further with this case. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Nauman's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. Nauman's motion for the appointment of counsel (doc. 3) is DENIED.

The Court also enters the following:

## RECOMMENDATION

The Petition (doc. 1) should be DENIED because Fed. R. App. P. 23(a) provides no basis for habeas relief under the facts of Nauman's situation or in law. Any other claims Nauman might have in mind will either be barred as second or successive or may be made in a new petition. This matter should be CLOSED. A certificate of appealability should be DENIED.

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Nauman may file written objections to this Findings and

Recommendations within ten (10) business days of the date entered as indicated on the Notice of

Electronic Filing. A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made. The district judge may accept, reject,

or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge.

Nauman must immediately inform the Court of any change in his mailing address.

DATED this **28th** day of November, 2007.

Jeremiah C. Lynch
United States Magistrate Judge

ORDER and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7