IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| BRIAN NAUMAN, | ) | Cause No. CV 07-144-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | SUPPLEMENTAL |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On November 30, 2007, this Court issued Findings and Recommendation, concluding that Petitioner Nauman's allegations, sparse as they are, do not support a claim for relief and that the case should be closed.

On the same day, Nauman filed a "Supplemental Appendix," which suggests that he intended to allege that he was transferred from the low side of Montana State Prison to the high side in retaliation for filing a federal habeas petition, or as a result of reclassification, or as a disciplinary sanction. See Supp. App. (doc. 6) at 1-3; Order at 2, Nauman v. Mahoney, No. OP 06-0790 (Mont.

Dec. 20, 2006) ("footnote" added by Nauman).

Exhibits filed by Nauman in Nauman v. State of Montana, No. CV 05-43-M-DWM-JCL (D. Mont. filed Mar. 29, 2005), make clear that he was not entitled to due process before he could be reclassified as a disciplinary sanction and that Nauman's claim of retaliation is meritless.[1]

**I. Due Process**

Nauman has chosen to proceed by filing a petition for writ of habeas corpus. Accordingly, the deferential standards of 28 U.S.C. § 2254(d) apply.

A liberty interest sufficient to trigger due process protections could only arise under state law, see Sandin v. Conner, 515 U.S. 472, 484 (1995) ("The United States Constitution does not entitle an inmate to any particular degree of liberty in prison"), and the Montana Supreme Court held in Nauman's case that "We defer to prison officials in choices of custody classification." Order at 2, Nauman, No. OP 06-0790. Therefore, Nauman had no liberty interest in remaining where he was, and he was not entitled to due process before he could be reclassified.

In denying Nauman's state petition for writ of habeas corpus, the Montana Supreme Court relied in part on state law, see Jellison v. Mahoney, 986 P.2d 1089, 1092 ¶ 9 (Mont. 1999), and in part on Meachum v. Fano, 427 U.S. 215, 224-25 (1976). See Order at 1-2, Nauman, No. OP 06-0790. Jellison cites Sandin v. Conner, 515 U.S. 472, 483-84 (1995), as well as Meachum. In Jellison, the Montana Supreme Court noted that "discipline in segregated confinement . . . does not generally rise to the level of an atypical, significant deprivation in which a State might conceivably create a liberty interest." Jellison, 986 P.2d at ¶ 9 (citing Sandin, 515 U.S. at 485-86) (internal

---

[1] A court may take judicial notice of its own records. See, e.g., Rand v. Rowland, 154 F.3d 952, 961 (9th Cir. 1998); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

quotation marks omitted).

Nauman's exhibits clarify that he was placed in administrative segregation for only five days. See Supp. to Mot. for Court Intervention Attachment (doc. 28-1), No. CV 05-43-M, at 13[2] (page five of Nauman's "Addendum to 'Disciplinary Appeal'"). While the Jellison court went on to consider whether the inmate in that case had received sufficient due process, the case involved a 90-day period of segregation. See Jellison, 986 P.2d at 1091 ¶¶ 5-6. Here, the sanction imposed on Nauman fell far short of that. Therefore, the Montana Supreme Court's decision that Nauman was not entitled to due process protections in the disciplinary procedures that ultimately led to his reassignment to the high side was not objectively unreasonable.

Reclassification, by itself, does not give rise to due process protections unless the inmate is reclassified to an extremely harsh environment, one significantly harsher than that of the general population on the high side of Montana State Prison. See, e.g., Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005). Placement on the high side, by itself, is neither atypical nor significant in relation to the ordinary incidents of prison life in Montana.

Nauman was not entitled to due process before he could be transferred to the high side.

**II. Retaliation**

The remaining "claim" is Nauman's contention that he was reclassified to the high side in retaliation for "allegations he raised in a petition for writ of habeas corpus which he filed in federal court." Order at 1, Nauman, No. OP 06-0790. The Court has gleaned this allegation from the Montana Supreme Court's opinion describing Nauman's allegations in a case he filed before it.

---

[2] The Court serially numbered the pages of this attachment.

Nauman himself has failed to allege anything – no dates, no information as to the ostensible reason given for the transfer, no reason why he believes the transfer was retaliatory rather than an action designed to advance a legitimate correctional goal.  Without such facts, no claim of retaliation is supportable.  See Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote omitted); see also Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).

### III. Certificate of Appealability

The Court stands by its recommendation that a COA be denied.

Based on the foregoing, the Court enters the following:

**SUPPLEMENTAL RECOMMENDATION**

The Petition (doc. 1) should be DENIED because Fed. R. App. P. 23(a) provides no basis for habeas relief under the facts of Nauman's situation or in law.  Any other claims Nauman might have in mind will either be barred as second or successive or may be made in a new petition.  This matter should be CLOSED.  A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Nauman may file written objections to the Supplemental Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district judge.

<u>Nauman must immediately inform the Court of any change in his mailing address.</u>

DATED this <u>15th</u> day of July, 2008.

                                          <u>/s/ Jeremiah C. Lynch</u>
                                          Jeremiah C. Lynch
                                          United States Magistrate Judge

SUPPLEMENTAL FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5