
FILED
AUG 0 1 2008
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| BRIAN NAUMAN, ) | CV 07-144-M-DWM-JCL |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| WARDEN MAHONEY, ) | |
| ) | |
| Respondent. ) | |

Petitioner Nauman is a state prisoner proceeding pro se who has previously filed a number of habeas petitions in this court. He has now filed another Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

United States Magistrate Judge Jeremiah C. Lynch conducted preliminary screening of the Petition as required by Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts. Under Rule 4, the Petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to

relief in the District Court." If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or to take some other action as ordered by the judge.

Judge Lynch issued Findings and Recommendations on November 30, 2007, in which he recommends denial of the Petition. Judge Lynch explained that Nauman's only articulated claim is that he was transferred during the pendency of his appeal of the denial of his earlier petitions in violation of Fed. R. App. P. 23(a). There is no Rule 23(a) violation, Judge Lynch explains, because Petitioner has not been transferred from Montana State Prison since his appeal was filed. Judge Lynch also notes that any such transfer would not prejudice Petitioner because the Court will continue to hold jurisdiction over his custodians so long as he remains housed at any facility in the state of Montana. To the extent that Nauman intended to raise other grounds for relief that are not spelled out in his Petition, Judge Lynch finds that such grounds are either barred as second or successive or should be raised in a new petition.

Nauman objected to Judge Lynch's Findings and Recommendations, preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Nauman argues that he is entitled to relief for violation of Fed. R. App. P. 23(a) because he was transferred "from facility to facility" on October 31, 2006, while his appeal from pending in CV 06-29-M-DWM. It appears from the record that Nauman was transferred from

Crossroads Correctional Center in Shelby, Montana, to the Montana State Prison in Deer Lodge, Montana. Assuming the truth of Nauman's allegation with respect to the timing of his transfer, he is nonetheless not entitled to habeas relief because he was not prejudiced by the transfer and the Ninth Circuit retained jurisdiction over his appeal at all times. See Shabazz v. Carroll, 814 F.2d 1321, 1324 (9th Cir. 1987), vacated in part on other grounds, 833 F.2d 149 (9th Cir. 1987).

Upon de novo review, I adopt Judge Lynch's Findings and Recommendations dated November 30, 2007 (Doc. No. 5), with the exception that I find that Petitioner Nauman does allege a transfer during the pendency of his appeal in CV 06-29-M-DWM, but that this allegation is not a sufficient ground for habeas relief for the reasons stated above.

Nauman also objects to Judge Lynch's order denying his motion for appointed counsel. The denial of appointed counsel is reviewed for clear error. 28 U.S.C. 636(b)(1)(A). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000). I can find no clear error with Judge Lynch's decision to deny appointed counsel and therefore adopt it in full.

During the pendency of Judge Lynch's Findings and Recommendations dated November 30, 2007, and in response to that document, Nauman submitted a "Supplemental Appendix" (Doc. No. 6), which Judge Lynch interprets as setting forth new grounds for

relief.  Nauman's claims relate to his transfer from the low side of the Montana State Prison to the high side, which he alleges was a violation of due process done in retaliation for his filing a federal habeas petition.

Judge Lynch conducted preliminary screening of the grounds alleged in the Supplemental Appendix and issued Supplemental Findings and Recommendations on July 15, 2008, in which he restates his recommendation that the Petition be denied.  Judge Lynch explains that Petitioner has no liberty interest in remaining on the low side under federal law, and that the Montana Supreme Court's conclusion that he has no such liberty interest under state law is not objectively unreasonable.  The Magistrate recommends that Nauman be denied relief on his retaliation claim because he has not alleged any facts setting forth the basis for his belief that the transfer was done out of retaliation.

Nauman filed objections to Judge Lynch's Supplemental Findings and Recommendations on July 29, 2008.  In his objections Nauman states that Judge Lynch's Supplemental Findings and Recommendations misconstrue his Supplemental Appendix, and that the instant Petition is meant only to raise his claim regarding violation of Fed. R. App. P. 23(a), and not claims for violation of due process and retaliation.  The Court has addressed the Rule 23(a) issue above and concluded that the Petition should be denied as to that ground.  According, and upon de novo review, I agree with Judge Lynch's Supplemental Findings and Recommendations (Doc. No. 11) and therefore adopt them in full.

It is therefore HEREBY ORDERED that the Petition is DENIED, and a certificate of appealability is DENIED. The Clerk of Court is directed to close the case file.

DATED this 1st day of August, 2008.

Donald W. Molloy, Chief Judge
United States District Court